# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT HUNTER, | ) | 1:08-cv-735 LJO GSA |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| F.P.I. MANAGEMENT Inc., | ) | |
| Defendant. | ) | |

I.   Screening Order

Plaintiff Robert Hunter (Plaintiff) is appearing pro se and in forma pauperis. Plaintiff filed this action on May 28, 2008.

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's claims

Plaintiff alleges he was employed at F.P.I. Management Inc., as a maintenance worker beginning April 20, 2001. He claims he performed his maintenance job in a satisfactory manner but was terminated on June 15, 2006. He alleges that management referred to him as "white trash" and that he was terminated because he was Caucasian and because he is sixty-six (66) years old. He alleges he was replaced by a thirty (30) year old Hispanic.

C.   Discussion

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which are essentially those involving diversity of citizenship, or a federal question, or to which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).

Further, Federal Rule of Civil Procedure 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Plaintiff appears to be making a claim that he was fired from his job based on race and age discrimination. However, Plaintiff's complaint is void of establishing the court's jurisdiction as well as what relief he is seeking. Although Plaintiff has listed wrongful termination, employment abuse, assault, libel and slander which may be state causes of action on the civil

cover sheet of the complaint, he has not cited to any statutory or other legal authority in the complaint to establish federal court jurisdiction.

Moreover, although he has indicated he is demanding $75,000 on the civil cover sheet, he has also indicated that this is a class action which does not appear to be correct. In order for the court to accept Plaintiff's complaint, he must comply with Rule 8 and specifically set forth the relief he is seeking.

Plaintiff is advised that federal law prohibits an employer from discriminating against an employee or applicant for employment "because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1)(Title VII). Similarly, an employer may not discriminate against an employee based on "age," 29 U.S.C. § 623(a)(1) (ADEA). Employment discrimination claims brought pursuant to these provisions forms a basis for federal court jurisdiction. 28 U.S.C.§ 1331. However, they must be explicitly stated in the complaint in order to comply with Rule 8. Once federal court jurisdiction is established, this court may have jurisdiction to consider state pendant claims.

Further, Plaintiff is advised that he must establish that the case is properly filed in this district. An action brought pursuant to 42 U.S.C. § 2000(e) et seq. may be filed in the following United States district courts:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.
> 42 U.S.C.A. § 2000e-5 (3)

Thus, Plaintiff must establish that the unlawful employment practice occurred in this district, that employment records relevant to the unlawful employment practice are maintained and administered in this district, that he would have worked in this district but for the unlawful

conduct, or if none of these apply, that the employer's principal office is located within this district.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

D. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rule 8;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint setting forth clearly each of his claims and the factual allegations in support of each claim, the basis of this court's jurisdiction, as well as the relief he is seeking; and

3. The failure to file an amended complaint that complies with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 5, 2008**           /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE